UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                                                                          CRIMINAL ACTION NO. 3:08CR-3-S

DONALD BOEHMAN                                                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Donald Boehman, to dismiss the Superseding Indictment against him.  He has been charged with knowingly possessing and distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B).

Boehman argues in this motion that possession of virtual pornography - that is, pornographic images the making of which did not involve the exploitation of children - is not prohibited under federal law.  He cites to *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) in which the Supreme Court found that §§ 2256(8)(B) and 2256(8)(D) were overbroad and unconstitutional.  *Ashcroft*, 535 U.S. at 258.  Those subsections, however, are not charged in the indictment against Boehman.

The Superseding Indictment charges distribution and possession of child pornography as that term is defined in 18 U.S.C. § 2256(8)(A) as

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where –
>
> > (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

Boehman is charged in relation to allegedly more than 3,200 still images and more than 400 video files containing child pornography.  The United States acknowledges that it has charged and is required to prove actual child pornography.

- 2 -

Boehman contends that it is impossible to ascertain whether the images seized in this case are computer generated images or whether they are images of actual children. He urges that because ordinary citizens are incapable of distinguishing between real and virtual child pornography, and the law is designed to identify illegal materials by how they are made (*ie.*, through the exploitation of actual children), the statutes under which he is charged are void for vagueness.

In the Sixth Circuit, however, the jury must make the determination whether the depictions in issue are of actual children. *United States v. Sheldon*, 223 Fed.Appx. 478, 2007 WL 1427037 (6th Cir. May 15, 2007); *United States v. Farrelly*, 389 F.3d 649, 652 (6th Cir. 2004), *superseded by statute, United States v. Williams*, 411 F.3d 675 (6th Cir. 2005). In *Sheldon*, the court stated that

> as we held in *United States v. Farrelly*, the government is generally allowed to present the images, and then must simply put on proof that they depict real, and not virtual, children. 389 F.3d 649, 653 (6th Cir.2004) ("[T]he Government has the burden of showing that the images in this case were of actual children. That is a fair inference from the reasoning of the Supreme Court in Free Speech Coalition."). And as with any other evidence, the government's contention that the images are real may be properly credited or discredited by a jury. *Id*. at 653-54 (" Free Speech Coalition did not impose a special or heightened evidentiary burden on the Government to prove that images are of real children. The question of whether the images are virtual or real is one of fact, to be determined by evidence about which argument can be made to the jury.").

We conclude that Boehman's motion to dismiss is without merit. Therefore, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Donald Boehman, to dismiss the Superseding Indictment (DN 58) is **DENIED.**

**IT IS SO ORDERED.**

5/4/09

ENTERED BY ORDER OF COURT:
CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT
 JEFFREY A. APPERSON, CLERK
By   Nadine C. Smith, Dep.Clerk